EASTERN DIST.
*January*, 1835.

BOREE, f. m. c.
*vs.*
KELLAR.

## BOREE, f. m. c. *vs.* KELLAR.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where a judgment was rendered by default and signed according to law'
after the cause was set down for trial and the defendant notified thereof,
he cannot afterwards obtain relief, by having the judgment set aside, and
the cause tried *de novo.*

This is an action to recover from the defendant a slave, alleged to be worth eight hundred dollars, and his hire amounting to one hundred and fifty dollars in addition; which slave the plaintiff alleges, is in the possession of said defendant, who refuses to deliver him or to pay the amount of his hire.

The defendant pleaded a general denial. The counsel who put in the answer of the defendant, afterwards erased his name from the case, which was set for trial on a particular day, and the defendant notified in person to attend.

The plaintiff went on and took judgment by default, and which after the lapse of three judicial days, was signed by the judge.

The defendant filed his affidavit with that of his counsel setting forth a variety of circumstances, which caused a misapprehension in relation to the attorney who was to defend him, and in consequence of which, no defence was made, and averring he has a good defence to the plaintiff's action, which he has ever been ready to make. He prays that the judgment be opened and the cause tried *de novo.*

The parish judge overruled the application and the defendant appealed.

*Soulé*, for the plaintiff and appellee.

*L. C. Duncan*, for the appellant.

*Mathews, J.*, delivered the opinion of the court.

EASTERN DIST.
January, 1835.

BOREE, f. m. c.
vs.
KELLAR.

In this case it appears by the record, that an answer had been filed on the part of the defendant, the cause at issue and regularly set down for trial. At the trial no person appeared to sustain the defence, nor did the defendant appear himself, although summoned.

The case was consequently tried *ex parte*, and judgment rendered in favor of the plaintiff, and signed by the judge three days after its rendition. In this state of things a motion was made in behalf of the defendant, to set aside the judgment thus pronounced and to have the case tried *de novo*, which being overruled by the court, the defendant appealed.

The interests of the appellant seem to have been neglected in the court below, if he really has a good defence. But who is to blame for this negligence does not appear. In all events he cannot be relieved without a palpable violation of the rules of practice, on the subject of trial and judgment. See the case of *Small* vs. *Flint and Thomas, ante,* 352.

Where a judgment was rendered by default and signed according to law, was set down for trial and the defendant notified thereof, he cannot afterwards obtain relief by having the judgment set aside and the cause tried *de novo*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.